In re Robert WALKER and Pat Walker a/k/a Patricia A. Fraught, Debtors.

TEACHERS SERVICE ORGANIZATION, INC., Plaintiff,

v.

Robert WALKER and Pat Walker a/k/a Patricia A. Fraught, Defendants.

Bankruptcy No. 81–01670–BKC–JAG.

Adv. No. 81–0076–BKC–JAG–A.

United States Bankruptcy Court, S.D. Florida.

May 27, 1982.

Howard S. Gaines, Fort Lauderdale, Fla., for defendants.

Neiwirth & Neiwirth, P.A., Miami, Fla., for plaintiff.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding was commenced by the filing of a complaint for non-dischargeability of a debt, based on the debtors' use of a false financial statement in applying for a loan. No answer was initially filed by the defendants and they appeared at trial without counsel. Upon an ex-parte motion for default, an order of default was entered prior to trial (C.P. No. 9). Plaintiff also filed a motion for summary judgment (C.P. No. 10) which was heard on the date set for trial. At that time the court gave defendants ten days within which to file a motion to set aside default, an answer, and responses to plaintiff's discovery. Defendants complied, but not to plaintiff's satisfaction, and plaintiff filed a motion to compel discovery, (C.P. No. 19) a motion for rehearing on motion for summary judgment, (C.P. No. 20) and responses to defendants' pleadings. At the hearing on these motions an order was entered requiring defendants to adequately respond to discovery and deferring plaintiff's motion for summary judgment and motion for attorney's fees to a later date (C.P. No. 23).

The court does not lightly view the defendants' failures or take this step easily, but it concludes that the default should be set aside and the dischargeability of defendants' debt be affirmed.

Defendants appeared on the original trial date without counsel, stating that they could not afford the additional attorney's fees. They stated that they viewed the complaint as mere harassment because it was entirely without basis and they therefore believed that it would be sufficient for them to appear at trial. Defendants are well educated high school teachers with multiple graduate degrees. The language of the summons is not only clear, but set forth in bold face capitals. The defendants' belief in the frivolity of the suit, if true, does not justify their ignoring a summons from the court, as well as the legitimate discovery requests of plaintiffs. Nevertheless, the court cannot fail to consider the economic situation of a debtor in bankruptcy and the debtors' understandable attempt to handle the litigation themselves, inconvenient as it may be to this court and to a plaintiff. The errors were subsequently cured, and the disputes regarding discovery (continuing to the ultimate trial date) were not of such magnitude as to require judgment for plaintiff on a procedural basis. Plaintiff's motion for summary judgment is denied as well as all motions to rehear orders previously entered.

Turning to the merits of the complaint, the evidence was in conflict. Three loans are in question. The first two were made consecutively to defendant, Patricia A. Fraught Walker, prior to her marriage to Robert Walker. The documents relating to each of these loans are in evidence as Plaintiff's Composite Exhibits Nos. 1 and 2, respectively. The third loan was made to both defendants. Its documentation was admitted as Plaintiff's Composite Exhibit No. 3, but defendants dispute the accuracy of that exhibit, contending that only the half of the loan application applying to Robert Walker is included in the exhibit, and that Patricia Walker execute a separate application showing substantially more debt.

Each subsequent loan was, in effect, a rollover and extension of the previous loan. However, plaintiff's witness testified that each loan was considered a separate transaction and in issuing each loan the plaintiff looked only to the application made for that loan. The middle loan is not at issue but as to the first and third, plaintiff contends that the applicant(s) made a material misstatement on the loan application by omitting substantial other indebtedness. Plaintiff's witness testified that it is the practice of the plaintiff never to grant a loan where the borrower's debt payments would be greater than fifty percent of its monthly disposal income. Plaintiff argues that the debt/loan ratio on the first and third loans would have been in excess of fifty percent at the time the applications were made, and the loans would not have been made, had plaintiff been apprised of the true state of defendants' indebtedness.

As to the first loan, defendants offered testimony disputing the alleged inaccuracies. However, the court makes no findings on that issue because the first loan indebtedness is moot. Plaintiff's own evidence was that each loan was considered separately, so only the misrepresentations on the last of the series of loans would be material. Further, the first loan was paid by the proceeds of the second one, so there is currently no indebtedness outstanding as to which discharge could be denied.

Turning to the third loan, there is a complete contradiction of testimony between the parties. Defendants testified that Patricia Walker first filled out a loan application and the loan was denied on that basis. An employee of plaintiff then suggested that her husband join with her and, on a later occasion, he returned with her and completed a supplemental application showing his additional income and debts. It is the defendants' testimony that the loan was issued on the combined applications. They can give no explanation why Patricia Walker's application was not included in the documents held by plaintiff, but they were given no copy of the application and therefore have no documentary evidence of their own. Plaintiff's witness had no personal knowledge of the issuance of the loan to these defendants and testified only as to the general practice of the company. He has no explanation as to why the application included in Plaintiff's Composite Exhibit No. 3 was completed by Robert Walker only whereas the loan was issued to both of them and the previous two loans had been in Patricia's name only. Under his calculation the true debt/loan ratio would have been fifty-three percent. The court believes that the defendants' testimony regarding the issuance of the loan is credible, and therefore finds that there was no reliance by plaintiff on the incomplete statement of debts which is shown on the credit application which is part of Plaintiff's Composite Exhibit No. 3. The requirements of 11 U.S.C. § 523(a)(2)(B)(iii) have not been satisfied. Therefore, the relief requested in the complaint will be denied.

Jurisdiction will be retained to consider any application for attorney's fees and costs in view of the ultimate disposition of this case.

Pursuant to Bankruptcy Rule 921(a), a separate Final Judgment incorporating these Findings and Conclusions is being entered this date.